IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 12-cv-24093-Lenard

PATRICK GAILLARD,
Plaintiff,

    vs.

FLORIDA PRESTIGE, INC.,
SUNNY PROPERTIES OF SOUTH
FLORIDA, LLC, SUNNY INTERNATIONAL
REALTY, LLC, and ANALOU MANENT,
PATRICK MANENT, MOSHE SHABAT, and
NIR GAVRA, INDIVIDUALLY
Defendants.
_____/

Defendants', Analou Manent, Patrick Manent, and Florida Prestige, Inc., **Motion to STRIKE** Portions of Plaintiff's Reply Argument [47] and Affidavit Attached thereto Filed in Reply to Defendants' Response in Opposition to Plaintiff's [45] Motion for Reconsideration of this Court's Order [43] Compelling Arbitration, Staying this Case, <u>and Administratively Closing the Case</u>

The defendants named above argue in support of this motion:

1. The plaintiff filed a Reply [47] as part of his Motion for Reconsideration [44] at 4:55 p.m. on February 28, 2013.

2. The Court entered its Order [48] granting plaintiff's Motion for Reconsideration on March 1, 2013.

3. Because of the timing of the filing of the Reply and the Court's Order [48], counsels for these defendants were unable to communicate with their clients and obtain direction from them regarding matters that were raised, for the first time, in plaintiff's filed Reply.

4. Notwithstanding the Court's stated reason for its' Order [48] granting the motion for reconsideration; i.e., 'the court's policy of deciding motions on their merit', matters raised in the Reply and after the Court's Order remain a part of the record of this case that, under the facts and law, should be stricken.

5. To this latter end, defendants now move to strike those portions of Plaintiff's Reply that were improperly raised by plaintiff and argued by the plaintiff in his Reply pursuant to Rule 12(f) Fed. R. Civ. P. That is, these

defendants move to strike the purported "facts" that are contained in the affidavit [47-1] attached to the Reply and plaintiff's argument [47] relating to those facts.

6. The "facts" contained in the affidavit are hearsay [*Hughes v. Amerada Hess Corp.*, M.D. Florida, 187 F.R.D. 682 (1999)], self-serving [*STG Secure Trading Group, Inc. v. Solaris Opportunity Fund, LP*, United States Dist. Court, S.D., Not Reported in F. Supp.2d, 2007 WL 3131335], untimely [*Gary v. Georgia Dept. of Human* Resources, 206 Fed. Appx. 849, 2006WL 2946842] and scandalous (accusatory and proffered without proper proof) under Rule 12(f), supra. The "facts" are also not material to the merits of the Motion for Reconsideration.

7. Defendants are prejudiced by the timing of plaintiff's "facts" that are contained in the affidavit that is now a part of plaintiff's Reply. By failing to include his affidavit initially in plaintiff's motion for *reconsideration*, defendants were unable to address them in their *Response* to that motion.

8. By raising the "facts" contained in his affidavit and arguing them for the first time in his Reply, plaintiff has deprived these defendants of any procedural mechanism; i.e., under the Local Rules and/or under the Federal Rules of Civil Procedure, to respond to the "facts" he raised. That is, there is no rule-authorized 'response' or 'reply' to a Reply that is permitted under the rules that these defendants could properly use to address what plaintiff 'says' are the facts that he raises in his Reply.

9. Because the "facts" contained in plaintiff's affidavit are hearsay self-serving, untimely, scandalous and not material, the Court should not have been given them to consider in rendering its' decision on the motion for reconsideration and those facts should not be allowed to continue to be a part of the record of this case. That is, the affidavit and argument as it relates to the "facts" in the affidavit should be stricken. *Foley v. Wells Fargo Bank, N.A.*, 849 F.Supp.2d 1345, 1147 United States District Court, S.D. 2012 ("Because it is improper for Defendant to raise this new argument in its Reply brief, the argument will not be considered.").

Wherefore, these defendants' move to strike those portions of plaintiff's [47] Reply that argue [47] the "facts" contained in the affidavit and the affidavit [47-1] itself.

### Certificate of Compliance with LR 7.1(A)(3)

Prior to filing this motion counsel for these defendants conferred in good faith but without success with all counsel who could be affected by the relief sought in the motion to resolve by agreement the issues raised in the motion.

March 1, 2013                                        Respectfully submitted,

                                                                  s/Charles L. Curtis

FBN 190368
ccurtis@charleslcurtispa.com
Charles L. Curtis, PA
www.charleslcurtispa.com
1486 SW 19th Ave
Fort Lauderdale, FL 33312
(954) 661-8512
Co-Counsel for defendants Florida Prestige, Inc. and Analou Manent and Patrick Manent

Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served by email on this 1st day of March 2013 on all counsel or parties of record on the Service List below.

s/Charles L. Curtis

**SERVICE LIST**

**Bradford A. Patrick**, Esq.
brad@execlawgroup.com
of Executive Law Group PL
3001 North Rocky Point Drive E, Suite 227
Tampa, Florida 33607
Attorneys for Plaintiff

**JOSEPH P. KLAPHOLZ**, Esq.
jklap@klapholzpa.com
2500 Hollywood Blvd, Suite 212
Hollywood, FL 33020
Attorney for Defendants
Sunny Properties of South Florida LLC,
Sunny International Realty LLC,
Moshe Shabat, and Niv Gavra

**CHARLES PETTIT**, Esq.
pettitpa53@yahoo.com
408 SE 17th Street
Fort Lauderdale, FL 33316
Co-counsel for Defendants
Florida Prestige, Inc.,
Analou Manent, and Patrick Manent